LUMINANT GENERATION COMPA-
NY, L.L.C.; Big Brown Power Com-
pany, L.L.C.; State of Texas, Petition-
ers

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,
Respondent.

No. 11–60158

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 24, 2012.

Philip Stephen Gidiere, III, Esq., Steven
G. McKinney, Esq., Balch & Bingham,
L.L.P., Birmingham, AL, Harry Max Rea-
soner, Esq., Vinson & Elkins, L.L.P.,
Houston, TX, William Arlyn Moore, Esq.,
General Counsel, Luminant, Dallas, TX,
John Aloysius Riley, Christopher Charles
Thiele, Esq., Bracewell & Giuliani, L.L.P.,
Austin, TX, Eric Alan White, Vinson &
Elkins, L.L.P., Washington, DC, for Peti-
tioners.

Jon Niermann, Esq., Assistant Attorney
General, Office of the Attorney General,
Austin, TX, Adam Joshua Katz, U.S. De-
partment of Justice, Scott Fulton, Envi-
ronmental Protection Agency, Washington,
DC, for Respondent.

* Pursuant to 5th Circuit Rule 47.5, the court
has determined that this opinion should not
be published and is not precedent except un-
der the limited circumstances set forth in 5th
Circuit Rule 47.5.4.
1. Only the EPA's disapproval of 30 Tex. Ad-
min. Code § 116.911(a)(2) is currently be-
fore the court. In a prior, related case, this
court addressed other EPA actions pertaining

Before KING, CLEMENT, and
HIGGINSON, Circuit Judges.

PER CURIAM: *

This case involves consolidated petitions
for review of the EPA's disapproval of an
environmental regulation promulgated by
the State of Texas. For the reasons dis-
cussed below, we VACATE the EPA's dis-
approval of the regulation and REMAND
to the EPA for further proceedings.

I. BACKGROUND

In 2011, the Environmental Protection
Agency ("EPA" or "the Agency") issued a
final rule partially approving and partially
disapproving revisions of the Texas State
Implementation Plan ("SIP")—a set of
rules promulgated by the State of Texas in
fulfillment of its obligations under the
Clean Air Act. See 42 U.S.C. § 7410; Ap-
proval and Promulgation of Air Quality
Implementation Plans, 76 Fed.Reg. 1525
(Jan. 11, 2011) (to be codified at 40 C.F.R.
pt. 52). At issue here is the Agency's
disapproval of a provision within the SIP,
30 Tex. Admin. Code § 116.911(a)(2),
which requires owners and operators of
certain electric generating facilities to
demonstrate that any newly proposed pol-
lution control methods comply with Texas's
Standard Permit for Pollution Control Pro-
jects ("PCP").[1] Petitioners argue that the
EPA had no legal basis for disapproving
section 116.911(a)(2), and that the EPA's

to Texas's SIP. See Luminant Generation Co.,
L.L.C. v. EPA (Luminant I), 675 F.3d 917 (5th
Cir.2012). Because Luminant I thoroughly
outlined the statutory and factual background
related to Texas's SIP and Standard Permit
for PCPs, and because the parties are familiar
with the issues in this case, those details are
not repeated here.

actions therefore must be held "unlawful and set aside." 5 U.S.C. § 706(2).

## II. DISCUSSION

The EPA's sole recorded basis for disapproving section 116.911(a)(2) was that, in a prior ruling, the Agency had disapproved Texas's Standard Permit for PCPs. *See* 76 Fed.Reg. at 1527. In other words, the EPA disapproved section 116.911(a)(2) merely because that section mandated compliance with Texas's Standard Permit for PCPs, which the EPA had already disapproved. *See id.* ("[W]e are disapproving the submitted 116.911(a)(2) because it refers to and relies on the PCP [Standard Permit] that does not meet the applicable requirements of the [Clean Air] Act, and was previously disapproved by the EPA as a part of the Texas SIP.").

In *Luminant Generation Co., L.L.C. v. EPA (Luminant I)*, 675 F.3d 917, 921 (5th Cir.2012), this court held that "the EPA had no legal basis on which to disapprove" Texas's Standard Permit for PCPs and, accordingly, vacated the EPA's ruling on that issue. The EPA has now informed the court that, having had an opportunity to review *Luminant I* and the record in this case, the EPA cannot reconcile its disapproval of section 116.911(a)(2) with this court's holding in *Luminant I*. The Agency concedes, then, that its disapproval of section 116.911(a)(2) was "not in accordance with law" and therefore must be vacated. 5 U.S.C. § 706(2)(A). We agree.

## III. CONCLUSION

Accordingly, we VACATE the EPA's disapproval of section 116.911(a)(2) and

REMAND for further proceedings consistent with this opinion and *Luminant I*.[2]

---

**2.** Given the court's disposition of this matter, the petitioners' motion for summary vacatur and remand, and the EPA's cross-motion to remand without vacatur—which were carried with the case—are DENIED as moot.